```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
RICHARD A. VARGUS,
                                                                    04 Civ. 3870 (CLB)
                              Plaintiff,
                                                                    *Memorandum and Order*
         - against -

NORMAN MINETTA, Secretary, Department of
Transportation; RAYMOND WHALEN and
EILEEN CONNOLLY,

                              Defendants.
--------------------------------------------------------------x
```
Brieant, J.

By motion (Doc. #4) filed on September 21, 2004, heard on December 15, 2004, Defendants Norman Minetta, the Secretary of the United States Department of Transportation ("DOT"), Raymond Whalen and Eileen Connolly move under Fed. R. Civ. P. 8 and 12(b)(6) to dismiss *pro se* Plaintiff Richard Vargus's Complaint.[1]  Opposition papers were filed on October 6, 2004.

The following facts are assumed to be true for purposes of this motion only. On August 13, 2001, Plaintiff filed a complaint of discrimination with the EEO, alleging discrimination based on race, sex, and age. He also alleged retaliation for filing previous complaints. Plaintiff stated that on January 26, 2001, Ms. Connolly and Mr. Whalen told him that he was charged with three violations of the Federal Aviation Administration's ("FAA") Conduct and Discipline regulations, based upon incidents in October 2000 in which Plaintiff allegedly grabbed a female

---

[1] On January 3, 2005, Defendants Whalen and Connolly were dismissed by Stipulation and Order.

-1-

co-employee in an elevator, stalked her, and made harassing phone calls. On July 17, 2001, he received five days suspension for "inappropriate touching" and misleading an FAA investigator. Plaintiff claimed that this suspension was retaliatory, and that the underlying allegations made by his female co-employee had been filed more than sixty days after the alleged occurrences, and were thus untimely under the relevant regulations.

Plaintiff filed a second EEO Complaint on January 3, 2002, in which he alleged discrimination based upon race, national origin, sex, and age. He alleged retaliation as well. Plaintiff had been suspended from September 10, 2001 until September 14, 2001. He claims that the Defendants insisted that he complete his suspension following the events of September 11, 2001. He alleges as well that the Defendants tried to coerce him into withdrawing his previously filed Complaint.

On November 4, 2002, the Department of Transportation ("DOT") issued a final agency decision, finding that no discrimination had occurred. On December 16, 2002, Plaintiff appealed this determination to the EEOC Office of Federal Operations ("OFO"), which affirmed the final agency decision on June 6, 2003. The OFO informed the Plaintiff of his right to request reconsideration within thirty calender days, or to file a civil action in federal court within 90 calender days. On February 2, 2004, Plaintiff requested reconsideration, which was denied as untimely on February 19, 2004. Plaintiff filed his Complaint in this Court on May 21, 2004.

Defendant argues that (1) Plaintiff's Complaint is deficient under Fed. R. Civ. P. 8, and (2) he failed to comply timely with his administrative remedy requirements.

While Defendant's arguments have substantial merit, in light of the Plaintiff's continued service on active duty in our Nation's armed forces, the appropriate remedy at this time is to deny Defendant's motion without prejudice. Defendant may renew his motion on the same or additional papers when the Plaintiff returns from service.

## Conclusion

Motion denied without prejudice.

       X

           X

              X

                 X

                    X

                       X

SO ORDERED.

Dated: White Plains, New York
   July 12, 2005

                     _____

SO ORDERED.

Dated: White Plains, New York
      July 12, 2005

                                                                     Charles L. Brieant, U.S.D.J.